UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STONEY GLENN,

    Plaintiff,

v.                                                Case No. 3:24cv559-LC-HTC

CAPTAIN SMITH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Stoney Glenn, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. After reviewing the complaint and Glenn's litigation history, the undersigned concludes this case should be DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(g) and 1915(e)(2)(B) because: (1) Glenn is a three-striker who has neither paid the filing fee nor alleged he is in imminent danger of serious physical injury; and (2) Glenn's claim against Captain Smith is barred by res judicata because it was previously dismissed by this Court with prejudice at time-barred in Case No. 3:20cv5603-MCR-EMT.

**I.    Glenn cannot proceed *in forma pauperis* under § 1915(g)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Glenn is a three-striker, as he has brought at least three federal actions that were dismissed as malicious or for failure to state a claim. *See Glenn v. Tona*, Case No. 3:22cv7745-MCR-ZCB (N.D. Fla. Jan. 4, 2023) (dismissing case as malicious under 28 U.S.C. § 1915A(b)(1)); *Glenn v. Schulthise*, Case No. 4:21cv405-WS-MAF (N.D. Fla. June 16, 2022) (dismissing case for failure to state a claim under 28 U.S.C. § 1915(e)(2)); *Glenn v. Jordan*, Case No. 3:21cv1014-LC-HTC (N.D. Fla. Oct. 4, 2021) (dismissing case as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and as time-

barred); *Glenn v. Smith*, Case No. 3:20cv5603-MCR-EMT (N.D. Fla. Mar. 29, 2021) (dismissing case as time-barred and duplicative under 28 U.S.C. 1915(e)(2)(B)). Furthermore, Glenn has been recognized as a three-striker by the Middle District of Florida. *See Glenn v. Ladele*, Case No. 3:22cv683-BJD-JBT (M.D. Fla. July 5, 2022) (recognizing Glenn is a three-striker and dismissing case under 28 U.S.C. § 1915(g)). All the above cases bear Glenn's FDOC inmate number (A51181), which confirms he filed them.[1]

As Glenn has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Glenn's complaint fails to satisfy this standard. Glenn sues Captain Smith, an employee of Century Correctional Institution, and alleges Smith sprayed him with chemical agents in September 2015. While Glenn claims he suffered significant injuries following exposure to the chemical agents, as well as lingering effects from those injuries, his allegations do not show he is in imminent danger of serious physical injury. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute.").

---

[1] Glenn did not accurately disclose his litigation history on the complaint form, which would also justify a dismissal of this case as malicious under 28 U.S.C. § 1915A(b)(1).

Case No. 3:24cv559-LC-HTC

Because Glenn has not paid the filing fee and has not alleged any specific facts supporting the existence of imminent danger, his complaint should be dismissed under § 1915(g). *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, (11th Cir. 2009) ("general assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)).

## II. Glenn's claim should be dismissed with prejudice as barred by res judicata

While dismissals pursuant to § 1915(g) are typically without prejudice, this case should be dismissed with prejudice because it is barred by res judicata. "For res judicata to bar a subsequent case, four elements must be present: '(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.'" *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)).

In Case No. 3:20cv5603-MCR-EMT, Glenn filed a complaint in June 2020 against Captain Smith raising the same claim raised in this case—that Smith unnecessarily sprayed him with chemical agents in September 2015. The Court ultimately dismissed Glenn's claim against Smith with prejudice because it was

barred by the four-year statute of limitations. *See Glenn v. Smith*, Case No. 3:20cv5603-MCR-EMT (N.D. Fla. Mar. 29, 2021) (dismissing claim against Smith with prejudice as time-barred under 28 U.S.C. § 1915(e)(2)(B)).  Because Case No. 3:20cv5603-MCR-EMT resulted in a final judgment on the merits, the judgment was rendered by a court of competent jurisdiction, and the case involved the same parties and cause of action as here, Glenn's complaint in this case should be dismissed with prejudice as barred by res judicata.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(g) and 1915(e)(2)(B)(i) because Glenn is a three-striker and his claim against Smith is barred by res judicata.[2]

2. That the clerk close the file.

At Pensacola, Florida, this 8th day of November, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *See Hawley v. Bd. of Regents of Univ. Sys. of Ga.*, 203 F. App'x 997 (11th Cir. 2006) (affirming dismissal of claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because they were barred by the doctrine of res judicata).

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.